LITTLE ROCK LUMBER & MANUFACTURING COMPANY *v.*
BOYNTON & CO.

Opinion delivered January 10, 1921.

1. SALES—ACCEPTANCE OF ORDER.—Where an order for a carload of lumber directed shipment by a designated route, and was acknowledged by the seller in a letter which stated that the quoted prices were based on the through rate, and that there was no through rate by the designated route, requesting a reply by return mail, there was no unconditional acceptance of the order, which is essential to a binding contract made by letters or telegrams.

2. SALES—LETTERS AS EVIDENCE OF BINDING CONTRACT.—Subsequent letters between buyer and seller, in which the seller stated that it was doing everything possible to get the buyer's car on the way, being uncontradicted, *held* sufficient to show that the parties had previously entered into a binding contract for the sale of a carload of lumber.

3.  SALES—DIRECTING VERDICT—CONFLICT OF EVIDENCE.—In an action for breach of a contract for the sale of a carload of lumber, it was error to direct a verdict for the plaintiff where, though the contract and its breach were undisputed, there was a conflict as to whether plaintiff suffered any damages.

4.  SALES—MEASURE OF DAMAGES.—The measure of the buyer's damages for the seller's failure to perform his contract is the difference between the actual market value of the undelivered goods at the time of the seller's failure to perform his contract and the amount which the buyer agreed to pay, with 6 per cent. interest from the date of the breach to the date of judgment.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

*Richard M. Mann,* for appellant. ..

1.   The court erred in instructing a verdict for the plaintiff because (1) no contract of purchase was shown; (2) there was no evidence showing the market price of lumber in Chicago, the place of delivery; (3) appellant did not show by the testimony either the time of breach of the contract or the market price of lumber at the time of the breach.

2.   The court erred in permitting S. W. Rogers, attorney for appellee, to read in evidence the letters set out in the abstract. There was no meeting of minds and no contract. 112 Ark. 380; 166 S. W. 533.

3.   There was no evidence showing the market price of lumber in Chicago, the place of delivery, at the time of the breach, if any. The rule is that plaintiff can only recover the difference between the contract or sale price and the market price at the *time* and *place* of delivery. 70 Ark. 39; 66 S. W. 348; 79 Ark. 337; 96 S. W. 413; 92 Ark. 111; 122 S. W. 239.

3.   Appellant did not show by the testimony either the time of the breach of the contract or the market value of lumber at the time of the breach. 70 Ark. 39.

4.   It was error to permit S. W. Rogers, attorney for appellee, to introduce the letters set out in the abstract. It was conceded that there was no ratification unless it

was shown by these letters. The letters were not identified, and they were not competent.

5.   The court erred in not sustaining appellant's objections to the testimony of F. P. Boynton and H. P. Heesch as to the market price of lumber.  70 Ark. 39; 66 S. W. 347.

6.   Appellee could have purchased lumber elsewhere without loss or damage.  Appellee could have saved itself from loss by simply paying cash, and it was its duty to do so.  96 Ark. 78.   Under the evidence a clear case was made for a jury.

*Rogers, Barber & Henry,* for appellee.

1.   It is too late to deny for the first time on appeal the existence of the contract.

2.   Appellee proved the prevailing market price of lumber by two competent witnesses.  The evidence is not disputed.  Appellee actually went into the market and bought at said market price, immediately following the breach the identical lumber to replace the lumber bought from appellant.  Appellant's objections to the questions and answers were too general.  76 Ark. 276; 58 *Id.* 353; 142 Fed. 320; 2 Words and Phrases (2 series), p. 1206.

3.   There was no error in permitting the attorney for appellee to read the letters.  They were properly identified and competent and cumulative of uncontradictd testimony.

HART, J.   Appellee sued appellant to recover damages for an alleged breach of contract for the sale of a car of lumber by the latter to the former.  The court directed a verdict in the sum of $195 in favor of appellee, and the case is here on appeal.

It is first insisted by counsel for appellant that the court erred in directing a verdict for appellee because no contract of purchase was shown.  We can not agree with counsel in this contention.  On the 13th day of November, 1916, appellee sent to appellant an order for a car of oak lumber and directed that the car should be

routed to it at Chicago via Peoria, Ill. On November 16, 1916, appellant wrote to appellee acknowledging the receipt of the order, and calling attention to the fact that there was no provision in the railroad tariff carrying through rates for routing via Peoria, and that such routing carried a higher rate than a through rate to Chicago. The letter also stated that the quotation of prices by appellant to appellee was based on the through rate to Chicago, and that any additional charges would have to be taken care of by appellee. The letter concluded with the following: "Kindly advise regarding this feature by return mail and oblige." The record does not show any reply to this letter by appellee. The language quoted shows that there was no unconditional acceptance by appellant. A binding contract of sale may be made by letters and telegrams, and an acceptance by letter or telegram of an unconditional offer made in the same manner constitutes a binding contract. Each party, however, must agree to the same proposition and the agreement must be mutual as to every essential term. *Southern Cotton Oil Co.* v. *Frauenthal,* 145 Ark. 394.

It is contended by counsel for appellee that, while there was no direct reply to appellant's letter of November 16, 1916, subsequent correspondence between the parties recognized that a binding contract had been entered into between them. Counsel refers to a letter written by appellant to appellee of the date of December 9, 1916. In this letter appellant purports to reply to a letter of appellee dated December 5, 1916. Appellant states in the letter that it will be three weeks before appellee's car of lumber can be loaded. It advises appellee that it is doing everything possible to get the car on the way and will notify appellee a little later just when the car will move. This letter shows that the parties had previously entered into a binding contract for the sale of the car of lumber.

There is no testimony in the record tending to contradict this letter. On the other hand, its contents are corroborated by the subsequent correspondence between

the parties. Hence the undisputed testimony as disclosed by the record shows that a valid and binding contract for the sale of the lumber was entered into between the parties.

It is also contended that the court erred in directing a verdict for appellee for $195. The undisputed evidence establishes the fact that appellant failed to ship the car of lumber according to contract, but it does not conclusively show that appellee was damaged in the sum of $195. It is true that appellee's own testimony shows that it was damaged in this sum, but it can not be said that the testimony on this point was uncontradicted. On the part of appellant it was shown by Leo Yount, one of its employees, that he was familiar with the market price of lumber of the description called for in the contract since November, 1916; that there was practically no advance in the price of lumber for six or seven months after November 13, 1916; that some lumber of the same grade was sold at a lesser price; that the market did not begin to advance until the fall of 1917, and that appellee could have purchased lumber of the same character and for the same price, had it desired to do so.

In *Lanier* v. *Little Rock Cooperage Co.*, 88 Ark. 557, the court held that the measure of the vendee's damages for the vendor's failure to perform his contract is the difference between the actual cash market value of undelivered goods at the time of the vendor's refusal to fulfill its contract and the amount which the vendee agreed to pay therefor, together with six per cent. damages thereon from the date of such breach to the date of the judgment.

Tested by this rule, the testimony on the question of the measure of damages was not undisputed, and the court erred in not submitting that question to the jury. The testimony of Yount tended to show that appellee only suffered nominal damages by appellant's breach of the contract, and it constituted prejudicial error for the court to instruct the jury to return a verdict in favor of appellee for $195.

It is also contended by counsel for appellant that no proper foundation was made for the introduction of certain of the letters by appellee. We do not deem it necessary to discuss or to decide this question. The alleged failure of proof on this point, if any, was the result of inadvertence, and it does not appear that there will be any difficulty whatever in showing that the letters in question were written by appellant, if such were the fact.

For the error in directing a verdict for appellees, as indicated in the opinion, the judgment must be reversed, and the cause will be remanded for a new trial.